GRIFFIN, J.
Leonard L. Dixon [“Dixon”], appearing pro se, appeals an order of the Unemployment Appeals Commission [“UAC”] dismissing Dixon’s appeal of the referee’s decision finding him ineligible for unemployment compensation and ordering repayment of $183.00 in unemployment benefits.
On August 21, 2001, Dixon was found ineligible for unemployment compensation because he was not “able and available for work” in accordance with Section 443.091(l)(c)l, Florida Statutes (2001). The reason stated was that he was not seeking full-time employment due to attending school. Dixon timely appealed this decision to the appeals referee, claiming that he was able and available for part-time work. On September 20, 2001, the appeals referee affirmed that Dixon had not met the availability requirements and held him to be ineligible for unemployment benefits. The referee ruled Dixon ineligible from July 29, 2001 through September 19, 2001, with subsequent ineligibility to be determined by the claim adjudicator.
*1119 A notice of overpayment determination was issued. This notice.required Dixon to repay $183.00 of the unemployment benefits he was paid. Dixon timely appealed this determination to the appeals referee, claiming the date for ineligibility was August 19, 2001 rather than July 29, 2001. On November 20, 2001, the appeals referee rendered a decision affirming the determination of overpayment.
On November 20, 2001, Dixon appealed both decisions to the UAC. On December 31, 2001, the UAC issued an order dismissing the appeal of the first case for failure to file a timely appeal. Dixon argues on appeal that the UAC improperly dismissed his appeal because it was timely filed. He claims that the November 20, 2001 decision, rather than the September 19, 2001 decision, involved the dispute over the date of ineligibility and the determination of the validity of the $183.00 repayment. Dixon claims there was no need to appeal the September 19, 2001 hearing because it did not involve the issue he was disputing.
The record reflects that in the September proceeding, the appeals referee determined the date of ineligibility to be from July 29, 2001 through September 19, 2001. Therefore, the first proceeding did involve the issue Dixon was disputing, and he was obliged to timely appeal that decision or be bound by its adjudication. Accordingly, the dismissal is affirmed.
AFFIRMED.
THOMPSON, C.J., and SAWAYA, J., concur.